NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0655n.06

No. 18-5323

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 17, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| STANFORD R. COLEMAN, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KETHLEDGE, DONALD, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge.    Stanford R. Coleman, a recidivist drug offender, represented himself during his jury trial for conspiracy to distribute oxycodone. The jury found him guilty. We affirm his conviction and sentence.

I.

For at least two years, Coleman supplied local dealers in Montgomery County, Kentucky with thousands of oxycodone pills. He regularly drove from his home in Atlanta, Georgia, to Mount Sterling, Kentucky, where he would stay at the Fairfield Inn for several days and distribute his supply. He primarily worked through Lisa Crowe, who bought between 100 and 200 doses of oxycodone at a time and then resold them to street-level dealers in the area. Local and federal investigators identified Crowe's house as a "hot spot" and began making controlled purchases from Crowe and her dealers to move up the supply chain to the source. The investigation led authorities to Coleman.

A grand jury indicted Coleman on one count of conspiracy to distribute pills containing oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 846. Coleman's court-appointed counsel and the government soon expressed concerns about Coleman's competency to stand trial. The district court ordered a psychiatric evaluation and found Coleman competent to proceed.

Coleman insisted that he represent himself at trial. The court held a *Faretta* hearing to determine Coleman's competency to do so, warning Coleman that, without a law degree, he would be in the wilderness—dropped into the "bush of Alaska[,]" where "[i]t's going to be 20 degrees below zero pretty soon." Coleman was undeterred. The court allowed Coleman to proceed *pro se* but appointed standby counsel as well.

At trial, the jury convicted Coleman on the conspiracy count. The district court sentenced him to 340 months' imprisonment. This appeal followed.

II.

A.

Coleman challenges his conviction on several grounds. First, he argues that the district court violated the Speedy Trial Act when it "generally" continued his trial date for him to undergo a competency evaluation, resulting in a ten-week delay. But Coleman never moved for dismissal before trial, which means he waived any right to dismissal under the Act. *See* 18 U.S.C. § 3162(a)(2); *United States v. Brown*, 498 F.3d 523, 529 (6th Cir. 2007).

Second, Coleman argues that the district court should have allowed him to correct a mistake that Coleman says he made in exercising his peremptory strikes. The parties exercised those strikes by submitting the numbers of the jurors they each wished to strike. After the parties did so, Coleman claimed that he had submitted a wrong number and thus, as to that number, had struck the wrong juror—a mistake that Coleman blamed on stand-by counsel, who Coleman said gave

him the wrong number for one of the strikes. The district court refused to allow Coleman to correct the putative error.

We review the district court's decision for an abuse of discretion. *See United States v. Gibbs*, 182 F.3d 408, 435 (6th Cir. 1999). Coleman contends—without any authority—that the district court violated Criminal Rule 24 when the court refused to allow him to correct his alleged mistake. But Rule 24 required only that Coleman receive eleven peremptory challenges (ten for the petit jury, one in selecting an alternate juror). *United States v. Martinez-Salazar*, 528 U.S. 304, 315 (2000). And Rule 24 otherwise did not require the district court to allow Coleman to change any of his strikes after seeing which jurors the government had struck. The court did not abuse its discretion.

Third, Coleman argues that the district court violated his Sixth Amendment right to a jury representing a "fair cross section of the community[,]" *see Taylor v. Louisiana*, 419 U.S. 522, 527 (1975), when it used voter-registration lists to draw potential jurors. But we have already rejected that argument. *See United States v. Odeneal*, 517 F.3d 406, 412 (6th Cir. 2008).

Fourth, Coleman argues, again without relevant authority, that the district court should have sua sponte commenced "a more expansive inquiry" as to whether Coleman himself had received a police detective's investigative report. During cross-examination of the detective, Coleman asked to see the report and to present it to the jury. The court told Coleman that he could use the report only to question the detective because it included inadmissible hearsay. Coleman then said he did not have the report. The court asked the government whether it had provided this discovery to Coleman. The government said it had provided "full discovery" to Coleman's counsel shortly after Coleman's arrest; Coleman said he had not received the report, and then said, "that's

okay. I'll move on." Suffice it to say that we review these events only for plain error and that Coleman has shown none.

Fifth, Coleman argues that ATF Special Agent Robert Maynard improperly offered opinion testimony about a letter Coleman had sent Maynard while detained after his arrest. Specifically, at trial, the government asked Maynard to read aloud one sentence from the letter: "My way of thinking was messed up, but I want the opportunity to accept my responsibility and do one good deed." Coleman objected on Fifth Amendment grounds, asserting that he would need to testify to explain the letter. The court overruled the objection on the ground that Coleman's statement was admissible as a statement made by a party-opponent after Coleman had been advised of his *Miranda* rights. *See* Fed. R. Evid. 801(d)(2)(A).

When questioning resumed, however, the government asked Maynard not merely to recite the sentence, but to interpret it:

Q. He says he wants to accept responsibility?
A. Correct.
Q. What did you interpret that to mean, sir?
A. To plead guilty.
Q. What about in regards to the oxycodone investigation?
A. To accept his responsibility for the drugs that he trafficked to Central Kentucky.

Coleman now argues that Agent Maynard's testimony amounted to opinion testimony as a lay witness. Since Coleman did not object on that ground during trial, we again review his argument for plain error. *See United States v. Young*, 847 F.3d 328, 349 (6th Cir. 2017); *see* Fed. R. Evid. 103(a). Under plain-error review, the defendant must show "obvious or clear" error that affected the defendant's "substantial rights" and "the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008).

Coleman identifies no authority making clear that Maynard—as the letter's recipient—could not testify as a lay witness based on his perception of what the quoted sentence meant. *See* Fed. R. Evid. 701. Coleman therefore has not shown any clear error.

B.

Coleman also challenges his sentence. As an initial matter, he argues that the district court violated his constitutional rights when it enhanced his sentence for a prior drug-trafficking conviction. *See* 21 U.S.C. § 851. Specifically, Coleman contends that the government needed to prove the existence of his prior conviction to a jury beyond a reasonable doubt. But we have already rejected that argument. *See United States v. Nagy*, 760 F.3d 485, 488-89 (6th Cir. 2014).

Coleman also argues that his sentence was procedurally unreasonable. (His argument that his sentence was substantively unreasonable is not developed.) Specifically, he argues that the district court unfairly surprised him, in violation of Criminal Rule 32(h), when it imposed a sentence (340 months) that was 13 months above his guidelines range of 262-327 months. Coleman did not make this argument in the district court, so again we review for plain error. *See United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015).

The unfair surprise, in Coleman's view, resulted from what Coleman thinks was the court's decision to impose a longer sentence based upon Coleman's belief that, as a "sovereign citizen," he was not subject to U.S. law. But the court did not impose a longer sentence based on Coleman's beliefs; it did so in part based on Coleman's lack of respect for the law, of which his frivolous arguments were just one example. Prior to his sentencing hearing, Coleman objected to his presentence report on almost 20 grounds, including that he was not a "person" within the meaning of 21 U.S.C. §§ 841, 846 and that Judge Reeves was not a "federal judge" as defined in 28 U.S.C. § 451. Coleman raised the same frivolous objections at his sentencing hearing, despite multiple

attempts by the court to redirect his arguments to issues relevant to mitigation.  The court therefore found that "[y]ou haven't taken this proceeding seriously.  This has all been a joke to you."

That finding did not unfairly surprise Coleman, since it was the result of his conduct during the hearing itself.  And the district court based its sentence on careful consideration of the 18 U.S.C. § 3553(a) factors.  The court noted that Coleman had spent most of his adult life in prison for drug trafficking, yet had always returned to the same kind of criminal conduct upon release.  And at the time of sentencing, Coleman still had an active warrant for a parole violation.  The court found a "[v]ery strong likelihood, almost a certainty, that when released . . . [Coleman will] recidivate."  Moreover, Coleman "prey[ed]" on a vulnerable population and sold substantial quantities of "poisons" in the community, without regard for his victims or the law.  The court found that Coleman had treated his sentencing as a "joke" when he refused to address the important issues in his case or the substantial prison sentence he faced.  There was no unfair surprise.

\*     \*     \*

The district court's judgment is affirmed.